UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROBERT J. PEDREIRA,<br>    Petitioner,<br><br>v.<br><br>RICHARD RUSSELL, et al.,<br>    Respondents. | Civil Action No.<br>18-10046-NMG |

MEMORANDUM AND ORDER

GORTON, J.

For the reasons set forth below, the Court dismisses this action without prejudice.

I. **Background**

On January 18, 2018, pro se litigant Robert Pedreira, who is incarcerated at FMC Devens, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("§ 2241"). Pedreira alleges therein that the acting warden and certain medical service providers at FMC Devens have been deliberately indifferent to his serious medical needs, specifically his need for mental health treatment.

The petition has not been served so that the Court may review the pleading and determine whether the respondent should be required to reply. See 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent). For the reasons stated below, the Court denies the petition and dismisses this action.

## II. **Discussion**

Habeas corpus review is available under § 2241 if a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriquez, 411 U.S. 475, 484 (1973). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [non-habeas action]." Muhammad v. Close, 540 U.S. 749, 750 (2004).

Here, despite Pedreira's assertion that a § 2241 petition is an appropriate vehicle to challenge conditions of confinement, habeas relief is not available with regard to allegations of inadequate medical treatment. Such claims do not amount to a challenge to the fact or duration of confinement.

Accordingly, the Court will dismiss this action without prejudice. If Pedreira wishes to assert claims concerning inadequate medical treatment at FMC Devens, he must bring a non-habeas civil action. This is true even if he is not seeking monetary damages. The Court will not sua sponte convert a habeas action into a non-habeas action, especially where Pedreira explicitly indicates that he "does not wish to institute a Bivens complaint at this time." Pet. at 6. Should Pedreira elect to

bring a non-habeas civil action, he will need to pay a $350 filing fee and a $50 administrative fee. In the alternative, he may seek leave to proceed without prepayment of the filing fee.[1]

### ORDER

In accordance with the foregoing, the petition for a writ of habeas corpus is **DENIED WITHOUT PREJUDICE**. The Clerk shall enter an order dismissing this action.

**So ordered.**

                                        /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated: 3/20/18

---

[1] Unlike other civil litigants, a prisoner plaintiff who is allowed to proceed without the prepayment of the filing fee is not entitled to a complete waiver of the fee. The $50 administrative fee is waived for a prisoner plaintiff proceeding in forma pauperis, but he still must pay the $350 filing fee over time, regardless of the outcome of the case. See 28 U.S.C. § 1915(b)(1)-(2).